IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **DEBRA OLOFSSON TRIMBLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **BAMA URGENT MEDICINE, INC.;** | ) | Civil Action Number |
| **STEPHEN A. ROBERTS, D.O.; IRMA** | ) | **7:08-CV-01546-RDP** |
| **HIGGINBOTHAM, M.D.;** | ) | |
| **TUSCALOOSA MEDCENTER** | ) | |
| **NORTH, P.C.; PERRY LOVELY,** | ) | |
| **M.D.; et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

This matter is before the court on the Motion to Dismiss filed on October 2, 2008 by Defendants Bama Urgent Medicine, Inc. ("BUMI"), Stephen A. Roberts, D.O., and Irma Higginbotham, M.D. (Doc. #9). Defendants' motion seeks dismissal of Plaintiff's Complaint. Alternatively, it seeks to require Plaintiff to re-plead her Complaint with the particularity required under Ala. Code § 6-5-551. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. #12) opposes Defendants' motion and, in the alternative, seeks leave to amend her Complaint to state her claim with more particularity. The motion has now been fully briefed by the parties and is ripe for review. After careful examination of the record and the arguments made by all parties, the court finds the four paragraphs in question fail to comply with the pleading requirements of Ala. Code § 6-5-551. Nevertheless, the court concludes that (1)

Defendants' motion to dismiss should be denied, (2) but Plaintiff should be required to amend her complaint in order to remedy the deficiencies in her pleading.

## II.   BACKGROUND

In her complaint, Plaintiff makes the following factual assertions. Plaintiff sought medical treatment at BUMI on or about September 29, 2006 for chills, weakness, loss of appetite, and rectal bleeding. Defendants Higginbotham and Roberts consulted with Plaintiff about these problems, and conducted a rectal exam, chest x-ray, and lab tests, as well as gave her three prescriptions. Additional chest x-rays were ordered because of calcifications in Plaintiff's lungs. She was diagnosed with "fatigue and rectal bleeding." (Doc. #1, at 4). Plaintiff returned to BUMI on October 2, 2006 to have her blood tested. Her white blood count was high and while other lab tests were performed, nothing abnormal was found except hypolipidemia.

The additional chest x-ray that was ordered during Plaintiff's September visit to BUMI was conducted by means of a CT scan on October 6, 2006. The results were reported to Defendant BUMI and its physicians, Defendants Roberts and Higginbotham. None of the Defendants reported the radiological findings to Plaintiff. On October 9, 2006, Plaintiff called to follow-up on the findings. Plaintiff "was told by nurses, employees and/or agents of Defendant Bama Urgent Medicine 'not to worry' about the findings, because they were 'small spots.'" (Doc. #1, at 4-5). Plaintiff was not advised to return for reexamination or follow up.

Later in 2006, Plaintiff returned to BUMI for treatment with various symptoms. Defendants did not follow-up with her concerning the radiological studies and did not take any further medical intervention concerning Plaintiff's rectal bleeding, despite Plaintiff voicing her concerns about bowel problems to the physicians and nurses.

In December 2006, Plaintiff saw Defendant Perry Lovely, M.D. at Tuscaloosa MedCenter North Urgent Care. She complained of lower back pain, weakness, weight loss and more bowel problems. Defendant Lovely only treated her back pain, giving her pain relief medication and referring her to a spine care specialist which ultimately did not resolve her pain.

On October 30, 2007, at Laughlin Memorial Hospital, Plaintiff was diagnosed with adenocarcinoma of the colon with liver metastasis. The condition is terminal. Plaintiff required surgical intervention, including a colostomy, and is receiving chemotherapy.

### III.   STANDARD OF REVIEW

#### A.   Rule 12(b)(6) Motion to Dismiss

Defendants have challenged the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007). That is, if a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

In evaluating a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v.*

*Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)).  Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original).  Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

      **B.**    **Alabama State Medical Malpractice Claims**

The incidents and the tortuous conduct which allegedly caused Plaintiff's damages and which give rise to this cause of action took place in Tuscaloosa County, Alabama.  Therefore, the substantive law of Alabama applies to and governs the tort claims asserted by Plaintiff.  Generally, pleadings must only give the defending party notice of the claims against him.  However, Alabama medical malpractice actions have additional pleading requirements.  Ala. Code § 6-5-551.  Section 6-5-551 of the Alabama Code provides in relevant part:

> In any action for injury, damages, or wrongful death ... against a health care provider for breach of the standard of care, … the Alabama Medical Liability Act

> shall govern the parameters of discovery and all aspects of the action.  The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts ... . Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.

The Alabama Supreme Court has held that, although the plaintiff does not need to plead every element of the cause of action with particularity, this statute does require "the plaintiff [to] give the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm." *Mikkelsen v. Salama*, 619 So. 2d 1382, 1384 (Ala. 1993).  If the complaint gives the defendant health care provider fair notice, then "the courts should strive to find that the complaint" is sufficient.  *Id*.  Additionally, when the allegation is that the standard of care was violated by an omission, the complaint is required to allege a time and date only if the plaintiff had access to the information before filing or the information was ascertainable to the plaintiff before filing. *Betts v. Eli Lilly and Co.*, 435 F. Supp. 2d 1180, 1189 (S.D. Ala. 2006).

This heightened pleading standard imposed by Alabama substantive law sets the parameters of the litigation because "the plaintiff is entitled only to discovery concerning those acts or omissions 'detailed specifica[lly] and factual[ly] descri[bed]' in the complaint and 'alleged by [the] plaintiff to render the health care provider liable to [the] plaintiff." *Ex parte Ridgeview Health Care Center, Inc.*, 786 So.2d 1112, 1116-17 (Ala. 2000). "Accordingly, … those claims … serve[] as a platform … for discovery … ." *Ex parte Mendel*, 942 So.2d 829, 836 (Ala. 2006).

IV.  ANALYSIS

    A.        **Paragraph 26a**

In paragraph 26a of the complaint, Plaintiff alleges that Defendant BUMI breached the applicable standard of care by "failing to furnish properly trained and qualified physicians, nurses, medical technicians and/or skilled personnel to attend to Plaintiff Trimble." Defendants argue that Plaintiff's allegations in paragraph 26a of her complaint do not sufficiently serve as a platform for discovery because they are not sufficiently specific to give fair notice. Plaintiff argues that this paragraph is sufficiently plead when read in conjunction with the complaint's other allegations.  Additionally, Plaintiff argues that she currently cannot name all the defendants because the information concerning the identity of the employees involved is solely in BUMI's possession and discovery has yet to be performed.

Plaintiff asserts that she has been as specific as possible in identifying in other places in the complaint the employees involved, the time and place of the incidents (when possible), and the resulting harm.  Contrary to that assertion, the court concludes that paragraph 26a does not allege a breach of the appropriate standard of care in a sufficiently detailed manner. Rather, paragraph 26a is nothing more than an example of general pleading.  The court is not persuaded by Plaintiff's argument that the various allegations of the complaint should be read as a whole. As Defendants point out, that pleading method leaves it to the reader to comb through the complaint in order to decipher what is meant by paragraph 26a.  While in some cases this may not present a pleading problem, here it does. In its current state, paragraph 26a simply does not comply with the pleading requirements imposed by Alabama law.  Ala. Code § 6-5-551.

Nevertheless, this is a case where Plaintiff should be given an opportunity to cure these pleading deficiencies rather than face dismissal. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Consistent with the language of that rule, the Eleventh Circuit has held that motions for leave to amend complaints should be liberally granted when necessary in the interests of justice. *See Jennings v. BIC Corp.,* 181 F.3d 1250, 1258 (11th Cir. 1999) (stating that "leave to amend should be liberally granted when necessary in the interest of justice" under Fed.R.Civ.P. 15(a)); *Florida Power & Light Co. v. Allis Chalmers Corp.,* 85 F.3d 1514, 1520 (11th Cir. 1996) ("Unless substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."), *citing Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 407 (11th Cir. 1989). Accordingly, Plaintiff will be given leave to file an amended complaint in order to conform to the requirements of Ala. Code § 6-5-551, provide Defendants' fair notice of her claims, and establish a specific platform for discovery.

### B.     Paragraphs 26g, 31g, and 36g

In paragraphs 26g, 31g, and 36g of the complaint, Plaintiff alleges that BUMI, Dr. Higginbotham, and Dr. Roberts, respectively, breached the applicable standard of care by "otherwise negligently failing to comply with the standard of care applicable to the examination and treatment of Plaintiff Trimble." (Doc. #1, at 7, 9, 11). Defendants argue that Plaintiff's allegations in these paragraphs also fail to comply with the pleading requirements of Ala. Code § 6-5-551. Plaintiff, once again, argues that these paragraphs are sufficiently plead when read in conjunction with the complaint's other allegations.

Similar to her position with respect to paragraph 26a, Plaintiff argues that these paragraphs must be read *in pari materia* with the other allegations of the complaint. This argument suggests either one of two possibilities: (1) Plaintiff is simply realleging facts already asserted in the complaint; or (2) these paragraphs are "catch all" allegations meant to generally preserve claims or assertions not expressly plead.  If Plaintiff meant to accomplish the former – *i.e.*, these paragraphs allege breaches of the standard of care already asserted in preceding paragraphs – the allegations are superfluous.  If, on the other hand, Plaintiff intended the latter – *i.e.*, the use of the term "otherwise" suggests these paragraphs are catch-all allegations, and are intended to include other acts of negligence or different failures to comply with the standard of care than those already listed elsewhere – the pleading violates Ala. Code § 6-5-551.  In either event, Plaintiff must replead the allegations contained in paragraphs 26g, 31g, and 36g in order to remedy these pleading deficiencies.

## V.     CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is due to be denied. Instead, Plaintiff is given leave to amend her complaint in order to remedy the deficiencies in her pleading.

**DONE** and **ORDERED** this      17th      day of April, 2009.

*[signature]*

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE